UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 13, 2013

LETTER TO COUNSEL:

      RE:    *Lorna George-Douglas v. Commissioner, Social Security Administration*;
              Civil No. 12-2729-SAG

Dear Counsel:

      On September 12, 2012, the Plaintiff, Lorna George-Douglas, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits. (ECF No. 1.) I have considered the parties' cross-motions for summary judgment, Ms. George-Douglas's response, and defendant's motion for leave to file surreply. (ECF Nos. 11, 15, 16, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will grant the Commissioner's unopposed motion for leave to file surreply and discuss the surreply below. I will deny both motions for summary judgment, vacate the Commissioner's denial of benefits, and remand this matter for further proceedings consistent with this opinion. This letter explains my rationale.

      Ms. George-Douglas filed her claim on September 10, 2008, alleging disability beginning on February 15, 2008. (Tr. 141-42). Her claim was denied initially on December 31, 2008, and on reconsideration on July 9, 2009. (Tr. 65-68, 72-73). A hearing was held on November 5, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-62). Following the hearing, on December 6, 2010, the ALJ determined that Ms. George-Douglas was not disabled during the relevant time frame. (Tr. 8-20). The Appeals Council denied Ms. George-Douglas's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Ms. George-Douglas suffered from the severe impairments of "diabetes, obesity, hypertension, asthma, sarcoidosis, bipolar disorder, and anxiety disorder." (Tr. 14). Despite these impairments, the ALJ determined that Ms. George-Douglas retained the residual functional capacity ("RFC") to:

> [P]erform light work, as defined in 20 CFR 404.1567(b), except that she must avoid concentrated exposure to respiratory irritants. She has a moderate limitation

> in her ability to maintain concentration and attention for extended periods, work in coordination with or proximity to others without being distracted by them, complete a normal workday and workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and set realistic goals or make plans independently of others.

(Tr. 15) (footnote omitted). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. George-Douglas could perform jobs that exist in significant numbers in the national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 19).

Ms. George-Douglas presents two arguments on appeal: (1) that the ALJ failed to follow the treating physician rule; and (2) that the ALJ improperly evaluated Mr. Curry's credibility. I agree that the ALJ failed to adequately explain his rationale for discounting the opinion of Ms. George-Douglas's treating psychiatrist, Dr. Mahteme Selassie. Remand, therefore, is warranted.

Ms. George-Douglas first argues that the ALJ failed to follow the treating physician rule in evaluating Dr. Selassie's opinion. I agree. Although the opinion of a treating physician can be entitled to controlling weight, such an opinion is not entitled to such weight if it is inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). On June 5, 2009, Dr. Selassie opined that Ms. George-Douglas had moderate to marked limitations "in her ability to understand, remember, and carry out simple instructions, perform activities on a regular schedule, interact with the general public, and respond appropriately to changes in the work setting." (Tr. 17, 340-41). The ALJ assigned no weight to Dr. Selassie's opinion that Ms. George-Douglas was unable to work because the "determination of disability is an issue reserved for the Commissioner[.]" (Tr. 17). Moreover, the ALJ assigned "little weight" to Dr. Selassie's more detailed findings of marked limitations in Ms. George-Douglas's mental capabilities and her inability to do even low stress work. *Id.* The ALJ only stated that the opinion was "not supported by the record as a whole" to explain his assignment of little weight. *Id.* Dr. Selassie provided treatment notes dating back to 2006 and a June, 2009 treatment summary, which noted that Ms. George-Douglas experienced mood swings, depression, and paranoid thoughts despite treatment with psychotropic medications. (Tr. 345). The record may well contradict Dr. Selassie's opinion, but I am unable to ascertain the ALJ's specific reasons for discounting the opinion in the absence of any elaboration or factual support for his conclusion. Remand is therefore warranted. In so holding, I express no opinion on whether the ALJ's ultimate determination that Ms. George-Douglas was ineligible for benefits was correct or incorrect.

In a reply memorandum, Ms. George-Douglas argues that the Commissioner

inappropriately supplies rationalizations for the ALJ's bare conclusion that Dr. Selassie's opinion only warranted limited weight. Pl. Reply. Mem.; ECF No. 17. Ms. George-Douglas cites to *Patterson v. Bowen*, 839 F.2d 221 (1988), *SEC v. Chenery Corp.*, 318 U.S. 80 (1943),[1] and *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, for the proposition that the court must not accept *post hoc* rationalizations from the Commissioner. The *Patterson* court stated, in a footnote, that it must affirm an ALJ's decision "only upon the reasons he gave[,]" and not rely upon an alternate legal premise to rationalize a lower court's judgment. 839 F.2d at 225 n.1. Similarly, in *SEC v. Chenery*, the Court found that it must confine its review of an administrative order to the legal grounds upon which the agency based its decision.[2] 318 U.S. at 88. Neither case is applicable to the situation here, where the ALJ neglected to provide any factual analysis to support his assignment of weight, beyond summarizing the treating psychiatrist's opinion. In *Schoofield v. Barnhart*, the Commissioner attempted to concede an ALJ's conclusion as to a Listing, however, it was a conclusion that the ALJ did not in fact make in the decision. Attempting to offer a *post hoc* conclusion is not analogous to the Commissioner's attempt here to point to support in the record for the ALJ's finding. Where the ALJ has offered explanation of his conclusions, the Commissioner is certainly permitted to point to relevant evidence in the record that offers additional support. *See Craig v. Chater*, 76 F.3d 585, 589 (1987) ("Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]'").

Ms. George-Douglas also argues that the ALJ erred in evaluating her credibility. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints, such as fatigue. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ generally followed that process in this case. (Tr. 15-16). The ALJ first used somewhat circular logic in finding Ms. George-Douglas not credible to the extent her statements were "inconsistent with the above [RFC]." (Tr. 16). The ALJ then found that Ms. George-Douglas's credibility was called into question because she continued to smoke despite having a cough, and because her activities of daily living indicated an ability to perform work-related tasks. *Id.* With remand already ordered on the treating physician issue, the ALJ should elaborate on the specific reasons for finding Ms. George-Douglas not credible in terms of her physical and mental impairments. Further, the ALJ should provide factual support by "evaluat[ing] the consistency of the plaintiff's statements against the evidence of record, and not against the ALJ's own RFC assessment." *Stewart v. Astrue*, No. 2:11CV597, 2012 WL 6799723, at *15 (E.D. Va. Dec. 20, 2012).

---

[1] *Patterson* actually cites to the 1943 *SEC v. Chenery Corp.* decision, not the 1947 opinion that Ms. George-Douglas cited.

[2] In so finding, the Court stated that it was not disturbing the general rule that an appellate court must affirm a lower court's decision if the result is correct, although based upon an incorrect ground or reason. *Id.* (citing *Helvering v. Gowran*, 302 U.S. 238, 245 (1937)).

For the reasons set forth herein, Ms. George-Douglas's motion for summary judgment (ECF No. 11) and Defendant's motion for summary judgment (ECF No. 15) will be DENIED. The ALJ's opinion will be VACATED and the case will be REMANDED for further proceedings. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge